IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD., | ) |
| Plaintiff, | ) |
| and | ) |
| JINGAO SOLAR CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD., JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., HEFEI JA SOLAR TECHNOLOGY CO., LTD. AND JA SOLAR (XINGTAI) CO., LTD., | ) |
| Consolidated Plaintiffs, | )   Consol. Court No. 20-03912 |
| and | ) |
| SHANGHAI BYD CO., LTD., | ) |
| Plaintiff-Intervenor, | ) |
| and | ) |
| TRINA SOLAR CO. LTD., YANCHENG TRINA GUONENG PHOTOVOLTAIC TECHNOLOGY CO., LTD., AND CHANGZHOU TRINA SOLAR YABANG ENERGY CO., LTD. | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

## **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant respectfully submits this notice of supplemental authority, informing this

Court of the recent decision in *Canadian Solar, Inc. v. United States*, No. 2021-1434, 2022 WL

259015 (Fed. Cir. Jan. 28, 2022).  We respectfully submit that this decision supports our

response to plaintiffs' motions for judgment on the agency record.  *See* Dkt. No. 56.

Consolidated plaintiffs argue that Commerce's decision, based on an adverse factual inference, that the provision of electricity for less than adequate remuneration by the government of China was regionally specific was unsupported by substantial evidence and not in accordance with law.  *See* Dkt. No. 52 (Pl.'s Consol. Br.) at 20-30.  The Federal Circuit in *Canadian Solar* rejected this argument.

First, the court held that Commerce reasonably relied on adverse inferences to fill two critical information gaps raised in the record:  (1) why prices vary from province to province, and (2) who makes the decision to set or allow distinct prices in each province.  *Canadian Solar*, 2022 WL 259015, at *4.  In this case, Commerce reasonably relied on adverse inferences to fill the same gaps in the record.  *See* IDM at 38 ("There is no dispute that electricity prices vary from province to province in China.  What has been at issue in Commerce's numerous determinations countervailing the provision of electricity is why prices vary from province to province and who makes the decision – ultimately – to set or allow distinct prices in each province.").  The *Canadian Solar* court rejected the same argument raised by plaintiffs in this case:  that Commerce improperly ignored the provincial price schedules.  *See* Pl.'s Consol. Br. at 24-25; *see Canadian Solar*, 2022 WL 259015, at *4.  The court held that Commerce expressly considered the price schedules and "reasonably determined it required additional information regarding the basis for and source of the price variation in order to assess whether Canadian Solar had received an electricity subsidy."  *Canadian Solar*, 2022 WL 259015, at *4.

With respect to specificity, the court also rejected the same argument raised by plaintiffs in this case:  that Commerce was required to identify a particular subsidized region.  Pl.'s Consol. Br. at 20-23.  The *Canadian Solar* court explained that "where documents support the inference that the central government of China was involved in provincial electricity pricing that

results in regional price variability, substantial evidence supports Commerce's finding that there is a countervailable regionally specific subsidy." *Canadian Solar*, 2022 WL 259015, at *5. Moreover, "even if a particular electricity subsidy is provided to more than one province, so long as it is provided to less than all regions or varies by region, that subsidy can be fairly regarded as regionally specific under the statute." *Id.*

Finally, plaintiffs in *Canadian Solar* argued that Commerce's benchmark calculations were unreasonable.  *Id.*  In that case, as in this case, "Commerce compared each of Canadian Solar's electricity rates to the highest provincial rate for the relevant category."  *Id.* at *6; *see* IDM at 41 ("The amount of the subsidy we infer to be the difference between what the respondent companies paid, and the highest tariffs set for any province.").  The court of appeals held that, "[i]n the absence of that information, it was reasonable for Commerce to infer that the highest rate in each category was unsubsidized." *Canadian Solar*, 2022 WL 259015, at *6.

<div style="margin-left: 50%;">

Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

</div>

OF COUNSEL:

SPENCER NEFF
Staff Attorney
Office of the Chief Counsel
For Trade Enforcement & Compliance
U.S. Department of Commerce

/s/ Ann C. Motto
ANN C. MOTTO
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-353-7968
Email: ann.c.motto@usdoj.gov

Dated: February 7, 2022