IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE
_____

|  |  |
|---|---|
| RISEN ENERGY CO., LTD., | ) |
| Plaintiff, | ) |
| and | ) |
| JINGAO SOLAR CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD., JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., HEFEI JA SOLAR TECHNOLOGY CO., LTD. AND JA SOLAR (XINGTAI) CO., LTD., | ) |
| Consolidated Plaintiffs, | ) Consol. Court No. 20-03912 |
| and | ) |
| SHANGHAI BYD CO., LTD., | ) |
| Plaintiff-Intervenor, | ) |
| and | ) |
| TRINA SOLAR CO. LTD., YANCHENG TRINA GUONENG PHOTOVOLTAIC TECHNOLOGY CO., LTD., AND CHANGZHOU TRINA SOLAR YABANG ENERGY CO., LTD. | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

_____

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court partially remand this action to Commerce for it to reconsider the application of facts available with an adverse inference to calculate the benefit to plaintiff, Risen Energy Co., Ltd. (Risen), and consolidated plaintiffs JingAo Solar Co., Ltd., Shanghai JA Solar Technology Co., Ltd., JA Solar Technology Yangzhou Co., Ltd., Hefei JA Solar Technology Co., Ltd., and JA Solar (Xingtai) Co., Ltd. (collectively, JA Solar) under the Export Buyer's Credit Program. Although the parties have fully briefed this matter, and the Court conducted oral argument on March 15, 2022, and despite our having argued in support of Commerce's final determination, we respectfully request a remand on this issue.

Risen's position on this motion is as follows:

> Risen takes no position on Defendant's request for remand for Commerce to reconsider its Export Buyer's Credit Program. In the interest of judicial economy and speedy resolution of this appeal, Risen requests that the Court make its determination on the Export Buyer's Credit Program and all issues on appeal simultaneously, including considering Defendant's proposed motion for remand and Risen's response to the Court's Order to advise whether injunction is appropriate. The Court would then be more informed as to what issues are appropriate for remanded in a single remand (and the scope of such remand) for Commerce to reconsider the Final Results.

JA Solar's position is as follows:

> We take no position on Defendant's request for remand for Commerce to reconsider its Export Buyer's Credit Program at this stage. In the interest of judicial economy and speedy resolution of this appeal, JA Solar requests that the Court make its determination on the Export Buyer's Credit Program and all issues on appeal simultaneously and issue a single remand for Commerce to reconsider the Final Results.

Plaintiff-intervenor, Shanghai BYD Co., Ltd., "likewise takes no position on Defendant's request for remand for Commerce to reconsider its finding with respect to the Export Buyer's Credit Program."

Plaintiff-intervenors, Trina Solar Co. Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., and Changzhou Trina Solar Yabang Energy Co., Ltd. (collectively, Trina Solar) take the same position as JA Solar.

## STATEMENT OF FACTS

I. <u>Preliminary and Final Results</u>

On February 11, 2020, Commerce published the preliminary results of the administrative review. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules*, 85 Fed. Reg. 7,727 (Dep't of Commerce Feb. 11, 2020) (preliminary results) (P.R. 189), and accompanying Issues and Decision Memorandum (PDM) (P.R. 188). Among other things, Commerce preliminarily found that the use of an adverse factual inference was warranted in determining the countervailability of the Export Buyer's Credit Program because the government of China did not provide information in its questionnaire response that would allow Commerce to fully analyze the program. PDM at 36; *see also* Government of China Questionnaire Resp. (C.R. 104-108). Commerce preliminarily found that the government of China did not act to the best of its ability, and therefore that mandatory respondents JA Solar and Risen were recipients of benefits under the program. PDM at 38. Commerce then applied to JA Solar and Risen, as adverse facts available, the same rate for the Export Buyer's Credit Program that was calculated in the first administrative review of solar cells from China, which was the highest calculated rate for a same or similar program. PDM at 39; *see also Crystalline Silicon Photovoltaic Cells,*

*Whether or Not Assembled Into Modules*, 80 Fed. Reg. 1,019 (Dep't of Commerce Jan. 8, 2015) and accompanying Issues and Decision Memorandum.

Commerce published its final results on December 9, 2020. Commerce continued to apply an adverse inference, based on a lack of information provided by the government of China, to countervail the Export Buyer's Credit Program. In so doing, Commerce found that respondents' claimed non-use of the program was unverifiable. IDM at 20; 35. Commerce assigned JA Solar a countervailable subsidy rate of 14.86 percent and Risen a rate of 11.68 percent. 85 Fed. Reg. at 79,164. Pursuant to 19 U.S.C. 1671d(c)(5), Commerce assigned a rate of 12.67 percent, which is the weighted average of the rates calculated for JA Solar and for Risen, to all companies that were not selected for individual examination in the administrative review. *Id.*; *see also* IDM at 7.

## ARGUMENT

I.  Standard Of Review

Commerce may, without confessing error, ask the Court to remand a matter so that Commerce may reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The United States Court of Appeals for the Federal Circuit has outlined multiple scenarios in which an agency may seek a remand, including (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of an intervening event, the agency may request a remand, without confessing error, to reconsider its previous position; and (c) because it believes that its original decision was incorrect on the merits and it wishes to change the result. *Id.* at 1028. A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate. *Id.* at 1029; *see also Ad Hoc*

*Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010).

"{C}oncerns are considered substantial and legitimate when (1) Commerce supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id*.

> II.  The Court Should Grant The Request For A Voluntary Remand For Commerce To Reconsider Its Application Of Facts Available With Respect To The Export Buyer's Credit Program

JA Solar, Risen, Shanghai BYD, and Trina Solar challenge, among other things, Commerce's application of facts available with an adverse inference to calculate a benefit for the provision of loans pursuant to the Export Buyer's Credit Program. Specifically, JA Solar argues that Commerce's application of an adverse factual inference was unlawful because there was no gap in the administrative record. ECF No. 52 (JA Solar Br.) at 8. JA Solar also argues that Commerce should not have applied an adverse factual inference to JA Solar because it was a cooperating party. *Id*. at 16. Finally, JA Solar argues that Commerce's findings in this case are contrary to findings in prior similar cases. *Id*. at 17. Risen argues that Commerce's application of the Export Buyer's Credit Program to Risen is unsupported by substantial evidence and contrary to law. ECF No. 50 (Risen Br.) at 4. Shanghai BYD and Trina Solar adopt by reference the arguments made by JA Solar and Risen. ECF No. 54 (Shanghai BYD Br.) at 2; ECF No. 55 (Trina Solar Br.) at 7. We respectfully request a voluntary remand for Commerce, without confessing error, to reconsider its application of adverse facts available for this program.

5

The Court should exercise its discretion to grant our request because Commerce's reasons for seeking remand are "substantial and legitimate." First, we acknowledge that similarly-situated respondents previously challenged Commerce's application of facts available with an adverse inference for the Export Buyer's Credit Program, and in the fifth administrative review, this Court held that Commerce "may attempt to verify Mandatory Respondents' claims of non-use through the means proposed by Mandatory Respondents or any other reasonable procedure at its disposal. Alternatively, Commerce can elect not to extend verification and simply accept Mandatory Respondents' evidence of non-use." *Canadian Solar Inc. v. United States*, 537 F. Supp. 3d 1380, 1403 (Ct. Int'l Trade 2021). In the final results, Commerce assigned a rate to the Export Buyer's Credit Program using adverse facts available, and Commerce did not attempt to verify non-use in the final results. *See* IDM at 35; *see also* Final Results, 85 Fed. Reg. at 79,164.

However, Commerce's practice with respect to the Export Buyer's Credit Program has been evolving since it issued the final results in this case such that reconsideration by Commerce on remand might have an impact in this proceeding. Specifically, consistent with this Court's holding in *Canadian Solar*, Commerce has recently attempted to verify non-use of the Export Buyer's Credit Program by Chinese companies that provide verifications of non-use for all customers. *See Certain Mobile Access Equipment And Subassemblies Thereof From China*, 86 Fed. Reg. 57,809 (Dep't of Commerce Oct. 19, 2021), and accompanying Issues and Decision Memorandum at comment 5. In *Certain Mobile Access Equipment from China*, Commerce "recognize[d] that the U.S. Court of International Trade (CIT) has directed Commerce in numerous decisions to consider whether any available information provided by respondents may be sufficient to fill the gap of missing record information in considering claims of non-use for the Export Buyer's Credit program." *Id.* As a result, Commerce issued supplemental questionnaires

6

to each mandatory respondent and its U.S. customers requesting additional information regarding its financing activities.  *Id.*

Commerce, as the decisionmaker, will decide on remand what actions to take, but remand in this case is appropriate because "the record may well be enlarged" and "even if it is not, new findings and explanations by the Commission can be expected" with respect to its evolving practices involving the Export Buyer's Credit Program.  *See Nippon Steel Corp. v. Int'l Trade Comm'n*, 345 F.3d 1379, 1380–82 (Fed. Cir. 2003) (*Nippon I*).

Further, the need for finality does not outweigh the justification for remand.  The Export Buyer's Credit Program and Commerce's application of an adverse inference have been the subject of much litigation in this Court.  A remand is appropriate so that Commerce can consider whether its evolving practices with respect to the Export Buyer's Credit Program would change the outcome in this case.  A remand would also be the most efficient way for Commerce to reconsider whether, in light of its evolving practice, the respondents' rates should be adjusted.

For similar reasons, the scope of our request is appropriate because Commerce's determination to rely on facts available with an adverse inference to impute a benefit under the Export Buyer's Credit Program is squarely before the Court while it considers the totality of the parties' arguments, such that granting this motion for partial remand is appropriate.

Should the Court grant the request and determine a remand is warranted, the appropriate action is for the Court to remand to Commerce for further proceedings without directing a particular outcome.  *See, e.g., NEXTEEL Co. v. United States*, No. 2021-1334, 2022 WL 728512, at *1 (Fed. Cir. Mar. 11, 2022) (vacating the trial court's opinion "to the extent that it directs Commerce to reach a certain outcome" because the court lacks authority to reverse Commerce); *Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1383 (Fed.

Cir. 2008) ("[T]he Court of International Trade is precluded by statute from ever outright reversing a decision by Commerce ... when reviewing countervailing duty and antidumping duty proceedings. Rather, at most it can simply remand for further consideration consistent with its decision.").

In *Certain Mobile Access Equipment from China*, Commerce preliminarily found that respondents "provided information which can be used, for purposes of facts available, in determining whether [the respondent] used this program," and, on that basis, Commerce preliminarily found that the respondent did not use the program, despite the lack of cooperation from the government of China. *Certain Mobile Access Equipment from China* IDM at comment 5. Although Commerce, of course, cannot guarantee a particular outcome on remand in this case, the appropriate action is to remand this case to Commerce so that Commerce has the opportunity, without confessing error, to further consider its evolving practice and its potential application to this case.

Should the Court grant our request, we respectfully propose that the Court provide 90 days for Commerce to submit its remand results to the Court with respect to the Export Buyer's Credit Program, as well as any other issues in this case that the Court remands, if any, and then to allow for comments on the remand results in accordance with Rule 56.2(h) of the Rules of the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court partially remand this action to Commerce for it to reconsider the application of facts available with an adverse inference to calculate the benefit to plaintiffs and consolidated plaintiffs under the Export Buyer's Credit Program. Should the Court grant our request, we respectfully propose that the Court provide 90

days for Commerce to submit its remand results with respect to the Export Buyer's Credit Program, as well as any other issues in this case that the Court remands, if any, and then to allow for comments on the remand results in accordance with Rule 56.2(h) of the Rules of this Court.

        Respectfully Submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        /s/ Reginald T. Blades, Jr.
        REGINALD T. BLADES, JR.
        Assistant Director

| OF COUNSEL: | /s/ Ann C. Motto |
|---|---|
| | ANN C. MOTTO |
| SPENCER NEFF | Trial Attorney |
| Staff Attorney | Commercial Litigation Branch |
| Office of the Chief Counsel | Civil Division |
| For Trade Enforcement & Compliance | U.S. Department of Justice |
| U.S. Department of Commerce | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: 202-353-7968 |
| | Email: ann.c.motto@usdoj.gov |

Dated: March 28, 2022

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE
_____

| | |
|---|---|
| RISEN ENERGY CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| JINGAO SOLAR CO., LTD., SHANGHAI JA ) | |
| SOLAR TECHNOLOGY CO., LTD., JA ) | |
| SOLAR TECHNOLOGY YANGZHOU CO., ) | |
| LTD., HEFEI JA SOLAR TECHNOLOGY ) | |
| CO., LTD. AND JA SOLAR (XINGTAI) CO., ) | |
| LTD., ) | |
| ) | Consol. Court No. 20-03912 |
| Consolidated Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| SHANGHAI BYD CO., LTD., ) | |
| ) | |
| Plaintiff-Intervenor, ) | |
| ) | |
| and ) | |
| ) | |
| TRINA SOLAR CO. LTD., YANCHENG TRINA ) | |
| GUONENG PHOTOVOLTAIC TECHNOLOGY ) | |
| CO., LTD., AND CHANGZHOU TRINA SOLAR ) | |
| YABANG ENERGY CO., LTD. ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
|_____) | |

**ORDER**

Upon consideration of defendant's motion for voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination with respect to the Export Buyer's Credit Program, as well as any other issues in this case that the Court remands, if any, within 90 days of the Court's final decision addressing all issues in this case, and then to allow for comments on the remand results in accordance with Rule 56.2(h).


Dated: _____                                                      _____

     New York, New York                                                                                      Judge