UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.,<br><br>　　　　　Plaintiff,<br>　and<br><br>JINGAO SOLAR CO. LTD., ET AL.,<br><br>　　　　　Consolidated Plaintiffs,<br>　and<br><br>SHANGHAI BYD CO., LTD., TRINA SOLAR CO. LTD., ET AL.,<br><br>　　　　　Plaintiff-Intervenors,<br><br>　　　　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant. | Consol. Court No. 20-03912 |

**PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S COMMENTS OPPOSING THE FINAL RESULTS OF REMAND REDETERMINATION IN PART**

Craig A. Lewis, Esq.
HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

August 11, 2023

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 1

    A. THE COURT SHOULD REMAND COMMERCE'S CONTINUED RELIANCE ON AFA WITH RESPECT TO RISEN ................................................................. 3

    B. THE COURT SHOULD REMAND COMMERCE'S TIER-THREE BENCHMARK CALCULATION FOR THE PROVISION OF LAND FOR LTAR ................................................................................................................... 4

    C. THE COURT SHOULD AFFRIM COMMERCE'S BENCHMARK FOR OCEAN FREIGHT ..................................................................................................... 5

    D. THE SEPARATE RATE CALCULATION SHOULD BE REVISED CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES ........................................................................................... 6

II. CONCLUSION ............................................................................................................. 6

# TABLE OF AUTHORITIES

**Administrative Materials**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,163 (Dep't Commerce Dec. 9, 2020) ............................................................. 1

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 86 Fed. Reg. 17,356 (Dep't Commerce Apr. 2, 2021) ............................................................. 1

**PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S COMMENTS OPPOSING THE FINAL RESULTS OF REMAND REDETERMINATION IN PART**

Shanghai BYD Co., Ltd., ("Shanghai BYD") in its role as plaintiff-intervenor hereby submits the following comments opposing the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Jul. 12, 2023), Consol. Court No. 20-03912, Slip Op. 23-48, ECF No. 116 ("*Second Remand Determination*"), in part.

The *Second Remand Determination* was issued pursuant to the opinion and order of the Court in this action, *Risen Energy Co., Ltd. et al. v. United States*, Consol. Court No. 20-03912, Slip Op. 23-48, ECF No. 112 (Ct. Int'l Trade Apr. 11, 2023) (*"Second Remand Order"*).  The *Second Remand Determination* concerns the final results of the 2017 administrative review of the countervailing duty order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China.  See *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,163 (Dep't Commerce Dec. 9, 2020) (final results of countervailing duty administrative review; 2017), and accompanying Issues and Decision Memorandum (Dec. 9, 2020), P.R. 241, as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 86 Fed. Reg. 17,356 (Dep't Commerce Apr. 2, 2021) (notice of correction to the final results of the 2017 countervailing duty administrative review), P.R. 270.

**I.     ARGUMENT**

At issue are four decisions made by Commerce on remand regarding: (1) the Export Buyer's Credit Program ("EBCP") subsidy rate; (2) the tier-three benchmark calculation for the provision of land for less than adequate renumeration ("LTAR"); (3) the ocean freight benchmark; and (4) the separate rate calculation applicable to non-investigated respondents, such as Shanghai BYD.  In the *Second Remand Determination*, Commerce continued to rely on adverse facts

1

available ("AFA") to determine that Risen benefited from the EBCP. Additionally, on remand, Commerce continued to rely on Thai land prices from the 2010 Coldwell Banker Richard Ellis "Asian Marketview Reports" ("2010 CBRE Report") for certain years, indexed prices from the Malaysian Investment Development Cost of Doing Business Report ("MIDA CDB Report") for other years, and a simple average of the indexed prices from the 2010 CBRE Report and MIDA CDB Report for other years to calculate its land benchmark. Lastly, Commerce determined on remand to exclude the Descartes data and rely instead solely on the Xeneta ocean freight prices to recalculate the ocean freight benchmark. As a result of these determinations, Commerce revised the subsidy rate applicable to the non-selected companies, including Shanghai BYD.

As discussed below, Shanghai BYD supports Commerce's *Second Remand Determination* with respect to excluding the Descartes data and instead relying solely on Xeneta ocean freight prices in determining the ocean freight benchmark. Shanghai BYD disagrees with and opposes Commerce's *Second Remand Determination* with respect to Commerce's continued reliance on AFA to determine that Risen benefited from the EBCP and inclusion of the 2010 CBRE Report to calculate its land benchmark. For these reasons, Shanghai BYD also opposes the revised subsidy rate applied to the non-selected companies, including Shanghai BYD.

Shanghai BYD further supports the comments submitted to the Court with respect to these issues by plaintiffs and mandatory respondents JA Solar and Risen. For purposes of brevity, Shanghai BYD will not repeat those comments. Shanghai BYD instead supports and hereby incorporates those comments by reference. Shanghai BYD also offers the following limited additional comments for the Court's consideration.

### A. THE COURT SHOULD REMAND COMMERCE'S CONTINUED RELIANCE ON AFA WITH RESPECT TO RISEN

This Court held that substantial evidence does not support Commerce's "continued application of AFA to Risen's detriment on this record." *Second Remand Order* at 11. This Court ordered Commerce on remand to "attempt to verify Risen's submissions" and if that was successful, "either accept the *pro rata* adjustment sought by Risen or conclude that the EBCP was not used at all." *Id*.

Commerce has determined on remand to continue applying AFA in determining that Risen benefitted from the EBCP because Commerce alleges that Risen failed to overcome the Government of China's failure to cooperate. *Second Remand Determination* at 3-7. Shanghai BYD disagrees with Commerce's determination to apply AFA to Risen with regard to the EBCP.

First, Shanghai BYD agrees with Risen that Risen cooperated to the maximum extent possible under the circumstances and the information provided by Risen prior to and during the second remand proceeding is consistent with a finding of non-use of the EBCP. No information currently on the record supports a finding that Risen or its customers benefitted from the EBCP and Commerce's draft remand determination to the contrary is entirely speculative. Risen confirmed that it has never applied for any EBC loans for itself or its customers, and Risen also provided customer declarations of non-use from every customer Risen sold to during the POR. *See* Risen Section III Resp. at 27-28, Exhibit 19 (Dec. 31, 2019), P.R. 158, C.R. 172; Risen's Unaffiliated Supplier II's Section III Resp. at 23, Exhibit 15 (Jan. 6, 2020), P.R. 164, C.R. 277. Risen also confirmed that it has never assisted any customers to obtain credits under this program. *See* Risen Section III Resp. at 28.

Second, Commerce's decision not to proceed with verification based on the alleged non-cooperation of a single customer is unreasonable and unsupported by the evidence. There is no

practical reason, and Commerce has identified none, why Commerce could not have proceeded to verify the information pertaining to the other customers or why verification had to be of all customers, or none at all.  Moreover, the Court very explicitly suggested that Commerce should consider applying a *pro rata* program rate adjustment in the event that not all customer claims could be verified.  Commerce seeks to evade this obligation by asserting that the instruction to apply a *pro rata* adjustment was contingent upon Commerce successfully verifying every customer.  But, that is not what this Court said or meant.  Indeed, the Court's suggestion to apply a *pro rata* adjustment only makes sense where Commerce is *not* able to verify all of the customers (since pro ration would not be necessary if all customers cooperated).  In fact, were it not for Commerce's unreasonable refusal to move forward with verification, Commerce likely would have successfully verified all of the remaining customers.  That we do not know this for fact is entirely of Commerce's own making by unreasonably refusing to follow through with verification.

Commerce's determination to apply AFA to Risen with regard to the EBCP is not supported by substantial evidence, is not consistent with the Court's remand instructions, and is unreasonable.  Shanghai BYD further agrees with and incorporates by reference the additional arguments presented by the mandatory respondents JA Solar and Risen with respect to this issue.

**B.     THE COURT SHOULD REMAND COMMERCE'S TIER-THREE BENCHMARK CALCULATION FOR THE PROVISION OF LAND FOR LTAR**

This Court held that Commerce failed to "provide sufficient reasons to continue relying on the stale data from Thailand when it has the contemporary data from Malaysia." *Second Remand Order* at 14.  On remand, Commerce reconsidered its previous determination to rely on a simple average of Thai land prices from the 2010 CBRE report (indexed for inflation) to value land at LTAR and has instead variously used the Thai land prices from the 2010 CBRE Report, the

Malaysian values proffered by Risen, or an average of the two sources, based on considerations of contemporaneity of the data. *Second Remand Determination* at 7-11.

Commerce's determination on remand does not comply with this Court's instructions to "provide a compelling reason for its continued use of the stale 2010 CBRE report" or to "otherwise use the Malaysian data only." *Second Remand Order* at 14. Commerce should use only the Malaysian data proffered by Risen. Shanghai BYD supports and incorporates by reference the comments submitted by JA Solar with respect to this issue.

      **C.**      **THE COURT SHOULD AFFRIM COMMERCE'S BENCHMARK FOR OCEAN FREIGHT**

This Court remanded Commerce's determination to rely on a "simple average of two submitted datasets, one from Descartes and the other from Xeneta" to calculate Commerce's benchmark for ocean freight. *Second Remand Order* at 15.

In the *Second Remand Determination*, Commerce excluded the Descartes data and relied instead solely on the Xeneta ocean freight prices to recalculate the ocean freight benchmark. Commerce's determination is supported by substantial evidence on the record and is consistent with the Court's opinion and remand instructions to provide "a convincing reason as to why the Descartes data improves accuracy" for the ocean freight, or not to use it. *Second Remand Order* at 15. As Commerce notes in the determination, the agency considered the options and appropriately exercised its discretion not to re-open the record on this issue in light of the time constraints. *Second Remand Determination* at 27. This determination was reasonable under the circumstances and reliance solely on the Xeneta data source is clearly appropriate and supported by substantial evidence, as reflected in the Court's prior decisions recognizing that it is a "broadly based average." Shanghai BYD also supports and incorporates by reference the comments submitted by JA Solar and Risen with respect to the open freight benchmark determination.

5

**D.     THE SEPARATE RATE CALCULATION SHOULD BE REVISED CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES**

Commerce has determined to reconsider its separate rate calculation given the changes to the mandatory respondents' subsidy rates. *Id.* at 27-28. The decision to use the revised subsidy rates determined for the mandatory respondents to recalculate the subsidy rates assigned to the separate rate respondents, including Shanghai BYD, is consistent with the Court's remand order. However, Shanghai BYD submits that the subsidy rates used for this purposes must be further adjusted to reflect the concerns raised above with respect to the EBCP and the LTAR.

**II.    CONCLUSION**

For the foregoing reasons, and those submitted in JA Solar's and Risen's comments, Shanghai BYD respectfully request that this Court sustain Commerce's *Second Remand Determination* in part and remand Commerce's *Second Remand Determination* in part.

                                              Respectfully submitted,

                                              /s/ Craig A. Lewis
                                              Craig A. Lewis

                                              HOGAN LOVELLS US LLP
                                              Columbia Square Building
                                              555 Thirteenth Street, NW
                                              Washington, DC 20004
                                              Phone: +1.202.637.5600
                                              Fax: +1.202.637.5910
                                              E-mail: craig.lewis@hoganlovells.com

                                              *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

Dated: August 11, 2023

**CERTIFICATE OF COMPLIANCE**

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Craig A. Lewis, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 1,666 words. This brief thus complies with the Standard Chambers Procedures, which permits responses to the agency's remand determination of 10,000 words or fewer.

    Respectfully submitted,

    */s/* Craig A. Lewis
    Craig A. Lewis

    HOGAN LOVELLS US LLP
    Columbia Square Building
    555 Thirteenth Street, NW
    Washington, DC 20004
    Phone: +1.202.637.5600
    Fax: +1.202.637.5910
    E-mail: craig.lewis@hoganlovells.com

    *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

Dated: August 11, 2023