# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| RISEN ENERGY CO., LTD., | |
| Plaintiff, | **Consol. Court No.: 20-03912** |
| and | **Before:** Hon. Jane A. Restani, Senior Judge |
| JINGAO SOLAR CO., LTD., ET AL. | |
| Consolidated Plaintiffs, | |
| and | |
| SHANGHAI BYD CO., LTD., ET AL., | |
| Plaintiff-Intervenors, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## PLAINTIFF-INTERVENOR TRINA'S COMMENTS ON FINAL RESULTS OF SECOND REMAND REDETERMINATION

Plaintiff-Intervenors, Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., and Changzhou Trina Solar Yabang Energy Co., Ltd. (hereinafter "Trina"), submit these comments in opposition to the second remand results filed by the Department of Commerce ("Commerce"). *See Final Results of Redetermination Pursuant to Ct. Remand, Risen Energy Co., Ltd., et al. v. United States*, Consol. Ct. No. 20-03912, Slip Op. 23-48 (CIT April 11, 2023), ECF No. 116-1 ("*Second Remand Results*").

Trina concurs with and incorporates by reference the arguments made by mandatory respondents JA Solar Technology Yangzhou Co., Ltd. ("JA Solar") and Risen Energy Co., Ltd. ("Risen") in their comments on the second remand redetermination filed today with the Court. Specifically, the court instructed Commerce to: (1) attempt to verify Risen's submissions to the

extent Commerce finds appropriate, and, if that is successful, it should either accept the *pro rata* adjustment sought by Risen or conclude that the Export Buyer's Credit Program ("EBCP") was not used at all, *Risen Energy Co., Ltd. v. United States*, 47 CIT __, __, Slip Op. 23-48 at *11 (Apr. 11, 2023) ("*Second Remand Order*"); (2) provide a compelling reason for its continued use of "the stale 2010 CBRE report {to value land allegedly provided for less than adequate remuneration} or otherwise use the Malaysian data only," *Second Remand Order* at *14; and (3) supply a convincing reason as to why the Descartes ocean freight data improves accuracy of the ocean freight benchmark or exclude the Descartes data from the ocean freight benchmark altogether. *Id.* at *18.

In the *Second Remand Results*, Commerce: (1) continued to find that Risen used the EBCP despite the submission of certifications of non-use by Risen's U.S. customers and despite the fact that a large share of Risen's customers consented to verification of questionnaire responses submitted with regard to the EBCP, *Second Remand Results* 5–7; (2) relied solely upon Thai land prices from the 2010 CBRE report to value land acquired by the respondents for certain years and relied upon a simple average of the Thai land prices from the 2010 CBRE report and the Malaysian Land Prices data for land acquired by respondents in other years, *id.* at 10–11; and (3) Commerce relied solely upon Xeneta ocean freight prices to value respondent's ocean freight for certain inputs alleged provided for less than adequate remuneration. *Id.* at 12.

First, regarding Risen's alleged use of the EBCP, Commerce declined to verify Risen's submissions regarding the EBCP because it found that it could not verify information regarding a share of Risen's U.S. sales for the period of review. *Second Remand Results* 7. Therefore, Commerce declined to apply a *pro rata* adjustment or to find that Risen did not use the EBCP because Commerce could not successfully verify Risen's submissions. *Id.*

Second, with regard to its determination to continue to rely upon the Thai land prices from the 2010 CBRE report, Commerce determined that it continued to be appropriate to rely upon this data source where it found that record evidence indicates that the land prices are contemporaneous with the year(s) of acquisition. *Id.* at 9. Commerce reasoned that the Thai land prices from the 2010 CBRE report "are not 'stale' and are, therefore, suitable for purposes of establishing appropriate benchmarks for the respondents' purchases of Chinese land-use rights in certain years" based on its evaluation of the date of acquisition of each set of land-use rights, as reported by each respondent. *Id.* Thus, Commerce found that it is appropriate to continue to rely on Thai land prices from the 2010 CBRE as the sole benchmark for land-use rights for certain years where it found the Thai data was more contemporaneous than the Malaysian land pricing data. *Id.* at 10. Based on this rationale, Commerce relied solely on Thai land prices from the 2010 CBRE where it viewed those prices to be more contemporaneous to the year of acquisition of the land-use rights in question, and it relied on a simple average of Thai land prices and Malaysian land prices where it determined that each source was equally contemporaneous to the year of acquisition of the land-use rights in question. *Id.*

Trina respectfully requests that the Court again remand Commerce's Second *Remand Results* with respect to its findings that it could not verify Risen's non-use of the EBCP and the land benchmark source for further reconsideration in the *Second Remand Order*. Plaintiffs Risen and Consolidated Plaintiff JA Solar each present compelling arguments that Commerce's *Second Remand Results* are not supported by substantial evidence in each of their individual comments on the *Second Remand Results*.

To avoid needlessly expending the time and resources of the Court, Trina does not repeat those arguments. Instead, Trina supports, incorporates, and adopts by reference all of Risen's and JA Solar's arguments to the extent they argue that Commerce's *Second Remand Results* continue

not to be supported by substantial evidence and challenge the weighted-average CVD rates that Risen and JA Solar, as mandatory respondents, were assigned by Commerce in the *Remand Results*. Likewise, Trina requests that the weighted average CVD rates assigned to Trina, as a cooperating non-individually investigated respondent, be revised in accordance with any correction to the final weighted-average CVD rates redetermined for Risen and JA Solar in any further remand redetermination, in accordance with Commerce's practice.

Finally, Commerce's determination to exclude the Descartes data and rely solely on the Xeneta ocean freight prices to recalculate the ocean freight benchmark is consistent with the Court's remand instructions, reasonable and supported by substantial evidence. Trina respectfully requests that the Court should sustain Commerce's determination regarding the ocean freight benchmark. Trina supports and incorporates by reference the comments submitted by JA Solar and Risen with respect to the ocean freight benchmark determination.

Respectfully submitted,

Robert G. Gosselink
Jonathan M. Freed
Kenneth N. Hammer
**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C. 20003
(202) 223-3760

Counsel to Consolidated Plaintiffs, Trina Solar Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Yancheng Trina Guoneng Photovoltaic Technology Co., Ltd., and Changzhou Trina Solar Yabang Energy Co., Ltd.

Dated: August 11, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| RISEN ENERGY CO., LTD., | ) |
| Plaintiff, | ) **Consol. Court No.: 20-03912** |
| and | ) **Before:** Hon. Jane A. Restani, Senior Judge |
| JINGAO SOLAR CO., LTD., ET AL. | ) |
| Consolidated Plaintiffs, | ) |
| and | ) |
| SHANGHAI BYD CO., LTD., ET AL., | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

## CERTIFICATE OF COMPLIANCE

The undersigned counsel at Trade Pacific PLLC certifies that the Comments on Final Results of Second Remand Redetermination of Plaintiff-Intervenor Trina, dated August 11, 2023, complies with the word-count limitation stated in Standard Chambers Procedures ¶ 2(B)(1)(b). These comments contain 967 words according to the word-count function of the software used to prepare the memorandum.

Respectfully submitted,

/s/ Jonathan M. Freed
Jonathan M. Freed
**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C. 20003
(202) 223-3760

Dated: August 11, 2023