UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD.,<br><br>   Plaintiff,<br> and<br><br>JINGAO SOLAR CO., LTD., ET AL.,<br><br>   Consolidated Plaintiffs,<br> and<br><br>SHANGHAI BYD CO., LTD., TRINA SOLAR CO., LTD., ET AL.,<br><br>   Plaintiff-Intervenors,<br><br>   v.<br><br>UNITED STATES,<br><br>   Defendant. | Consol. Court No. 20-03912 |

**PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S COMMENTS IN SUPPORT OF THE FINAL RESULTS OF REMAND REDETERMINATION**

             Craig A. Lewis, Esq.
             HOGAN LOVELLS US LLP
             Columbia Square Building
             555 Thirteenth Street, NW
             Washington, DC 20004
             Phone: +1.202.637.5600
             Fax: +1.202.637.5910

             *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

December 18, 2023

## TABLE OF CONTENTS

**Page**

I. ARGUMENT ................................................................................................................ 1

    A. THE COURT SHOULD AFFIRM COMMERCE'S REMOVAL OF THE EBCP SUBSIDY RATE FROM RISEN'S TOTAL SUBSIDY RATE ............................. 2

    B. THE COURT SHOULD AFFIRM COMMERCE'S TIER-THREE BENCHMARK CALCULATION FOR THE PROVISION OF LAND FOR LTAR ................................................................................................................... 3

    C. THE COURT SHOULD AFFIRM REVISIONS MADE TO THE SEPARATE RATE CALCULATION CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES ........................................................... 4

II. CONCLUSION .......................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

### Administrative Materials

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,163 (Dep't Commerce Dec. 9, 2020)................................ 1

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 86 Fed. Reg. 17,356 (Dep't Commerce Apr. 2, 2021)................................ 1

**PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S
COMMENTS IN SUPPORT OF
THE FINAL RESULTS OF REMAND REDETERMINATION**

Shanghai BYD Co., Ltd., ("Shanghai BYD") in its role as plaintiff-intervenor hereby submits the following comments in support of the U.S. Department of Commerce's ("Commerce") Results of Redetermination Pursuant to Court Remand (Dec. 7, 2023), ECF No. 137 ("*Third Remand Determination*").

The *Third Remand Determination* was issued pursuant to the opinion and order of the Court in this action, *Risen Energy Co., Ltd. v. United States*, No. 20-03912, slip op. 23-161 (Ct. Int'l Trade Nov. 17, 2023), ECF No. 134 (*"Third Remand Order"*).  The *Third Remand Determination* concerns the final results of the 2017 administrative review of the countervailing duty order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China.  *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 85 Fed. Reg. 79,163 (Dep't Commerce Dec. 9, 2020) (final results of countervailing duty administrative review; 2017), P.R. 270, and accompanying Issues and Decision Memorandum (Dec. 9, 2020), P.R. 241, as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 86 Fed. Reg. 17,356 (Dep't Commerce Apr. 2, 2021) (notice of amended final results of the 2017 countervailing duty administrative review), P.R. 265.

**I.    ARGUMENT**

At issue are three determinations made by Commerce on remand: (1) the Export Buyer's Credit Program ("EBCP") subsidy rate; (2) the tier-three benchmark calculation for the provision of land for less than adequate renumeration ("LTAR"); and (3) the separate rate calculation applicable to non-investigated respondents, such as Shanghai BYD.  In the *Third Remand*

1

*Determination*, Commerce "under respectful protest" removed the EBCP subsidy rate from Risen's total subsidy rate consistent with the Court's remand order. *Third Remand Determination* at 2-6. Additionally, on remand, Commerce returned to the land benchmark calculation methodology used in the *First Remand Results* (i.e., rely on a simple average of Thai land prices from the 2010 Coldwell Banker Richard Ellis Asian Marketview Report ("2010 CBRE Report") and Malaysian land prices from the Malaysian Investment Development Cost of Doing Business Report). *Third Remand Determination* at 6-9. As a result of these determinations, Commerce revised the subsidy rate applicable to the non-selected companies, including Shanghai BYD. *Id.* at 11.

As discussed below, Shanghai BYD supports Commerce's *Third Remand Determination* with respect to removing the EBCP subsidiary rate from Risen's total subsidy rate and returning to the land benchmark calculation methodology applied in the *First Remand Results*. For these reasons, Shanghai BYD also supports the revised subsidy rate applied to the non-selected companies, including Shanghai BYD.

Shanghai BYD further supports the comments submitted to the Court with respect to these issues by plaintiffs and mandatory respondents JA Solar and Risen. For purposes of brevity, Shanghai BYD will not repeat those comments. Shanghai BYD instead supports and hereby incorporates those comments by reference. Shanghai BYD also offers the following limited additional comments for the Court's consideration.

A.  THE COURT SHOULD AFFIRM COMMERCE'S REMOVAL OF THE EBCP SUBSIDY RATE FROM RISEN'S TOTAL SUBSIDY RATE

Commerce has determined "under respectful protest" that Risen did not use the EBCP. *Third Remand Determination* at 6. As a result, Commerce has removed the 5.46 percent adverse facts available ("AFA") rate from Risen's total countervailable subsidy rate. *Id.* Commerce's

finding of non-use is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. Commerce has no legal authority to apply AFA to cooperative respondents under the facts in this case and Commerce has properly refrained from doing so. For the reasons articulated in the *Third Remand Determination*, Commerce's determination that Risen did not use the EBCP program is supported by substantial evidence and is, indeed, the only reasonable conclusion that Commerce could draw from the evidence. This decision should be affirmed by the Court.

Shanghai BYD also supports and incorporates by reference the additional comments submitted by the mandatory respondents JA Solar and Risen with respect to this issue.

### B.   THE COURT SHOULD AFFIRM COMMERCE'S TIER-THREE BENCHMARK CALCULATION FOR THE PROVISION OF LAND FOR LTAR

In the *Third Remand Order*, this Court found that Commerce "satisfactorily explained" its use of the 2010 CBRE report, but "exceeded the scope of the remand by implementing a new method of calculating the benchmark." *Third Remand Order* at 12. Therefore, this Court remanded Commerce to return to the land for LTAR calculation methodology as applied in the *First Remand Results* (i.e., rely on a simple average of the Thai and Malaysian land prices). *Id.* On remand, Commerce revised its land for LTAR benchmark to use the calculation methodology applied in the *First Remand Results*. *Third Remand Determination* at 8.

Commerce's determination on remand to use the LTAR calculation methodology as applied in the *First Remand Results* is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. Shanghai BYD respectfully requests that the Court sustain Commerce's determination regarding the land benchmark calculation. Shanghai BYD supports and incorporates by reference the comments submitted by JA Solar with respect to this issue. This decision should be affirmed by the Court.

### C. THE COURT SHOULD AFFIRM REVISIONS MADE TO THE SEPARATE RATE CALCULATION CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES

Shanghai BYD supports Commerce's determination to reconsider its separate rate calculation given the changes to the mandatory respondents' subsidy rates. *Third Remand Determination* at 11. The decision to use the revised subsidy rates determined for the mandatory respondents to recalculate the subsidy rates assigned to the separate rate respondents, including Shanghai BYD, is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. This recalculation should be affirmed by the Court.

### II. CONCLUSION

For the foregoing reasons, and those submitted in JA Solar's and Risen's comments, Shanghai BYD respectfully requests that this Court sustain Commerce's *Third Remand Determination*.

                                                                            Respectfully submitted,

                                                                            /s/ Craig A. Lewis
                                                                            Craig A. Lewis

                                                                            HOGAN LOVELLS US LLP
                                                                            Columbia Square Building
                                                                            555 Thirteenth Street, NW
                                                                            Washington, DC 20004
                                                                            Phone: +1.202.637.5600
                                                                            Fax: +1.202.637.5910
                                                                            E-mail: craig.lewis@hoganlovells.com

                                                                            *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

Dated: December 18, 2023

**CERTIFICATE OF COMPLIANCE**

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Craig A. Lewis, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 991 words. This brief thus complies with the Standard Chambers Procedures, which permits responses to the agency's remand determination of 10,000 words or fewer.

                                                Respectfully submitted,

                                                */s/* Craig A. Lewis
                                                Craig A. Lewis

                                                HOGAN LOVELLS US LLP
                                                Columbia Square Building
                                                555 Thirteenth Street, NW
                                                Washington, DC 20004
                                                Phone: +1.202.637.5600
                                                Fax: +1.202.637.5910
                                                E-mail: craig.lewis@hoganlovells.com

                                                *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

Dated: December 18, 2023